Keating, J.
(concurring). Trespass is an intentional tort. “ Intentional ” means merely that the defendant intended the act which constituted the trespass, and not that he actually intended to trespass. Thus, if a defendant walks on the plaintiff’s land, he has committed trespass regardless of whether he knows that this land belongs to the plaintiff.
Eestatement, Torts, 2d (§ 164) states this basic rule:
‘ ‘ Intrusions Under Mistake
“One who intentionally enters land in the possession of another is subject to liability to the possessor of the land as a trespasser, although he acts under a mistaken belief of law or fact, however reasonable, not induced by the conduct of the possessor, that he
*566 “ (a) is in possession of the land or entitled to it, or
“ (b) bas the consent of the possessor or of a third person who has the power to give consent on the possessor’s behalf, or
“(c) has some other privilege to enter or remain on the land.”
Illustration 5 under this section states: “A, through his son, B, asks O’s permission to cross O’s field. C refuses permission, but B reports that 0 has consented. A enters O’s field. A is subject to liability to 0.”
Thus, it is beyond doubt that the issue in a trespass action is whether or not the defendant went on the plaintiff’s land. His motive, reason or justification is never at issue in such an action. Therefore, the judgment in the first action that the defendants were not guilty of trespass can only mean that they did not go on the plaintiff’s land or, if they did, that they were privileged to do so.
Plaintiff has argued that in the first action against the contractor and the subcontractor, in finding for the defendants, the jury impliedly found that the State was solely responsible for the alleged trespass. He claims that the trial court’s charge to the jury was that they should decide who was to blame, the contractors or the State.
If, as plaintiff alleges, the trial court so instructed the jury that they might have thought that the defendants were not liable if they acted at the direction of the State or under a mistaken assumption that an easement had been obtained, this was serious error in direct contradiction to the established law of trespass.
The plaintiff’s remedy was to appeal from the judgment resulting from that charge. A jurisdictionally valid judgment is res judicata, despite the fact that an error might have been committed during the trial (see, e.g., Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480, and cases cited therein). The merits of the trial court’s charge cannot now be put in question in a subsequent and separate action.